# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Adrian Crihalmean,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-12-1483-PHX-JAT (JFM)<br><br>**Report & Recommendation On Petition<br>For Writ Of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Arizona State Prison Complex at Florence, Arizona,[1] filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 10, 2012 (Doc. 1). On October 25, 2012 Respondents filed their Answer (Doc. 13). Petitioner filed a Reply (Doc. 14) and Memorandum (Doc. 15) on November 13, 2012. On March 14, 2013, Respondents filed their Supplemental Answer (Doc. 20), and on June 12, 2013, Petitioner filed his Supplemental Reply (Doc. 21).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

Responding to a suspicious vehicle complaint on June 26, 2008, police discovered

---

[1] On December 6, 2012, Petitioner filed a Notice of Change of Address (Doc. 16) indicating his release and relocation to California.

1

Petitioner and 13 year old girl in a vehicle parked behind a closed business, with a used condom in the car.  Upon investigation the victim and Petitioner both related engaging in 16 to 17 acts of intercourse or oral sex between March 1, 2008 and March 31, 2008, as well as an instance on June 25, 2008 in a motel. Petitioner was 24 years old at the time. (Exhibit E, Presentence Report at 1, 5.)  (Exhibits to the Answer, Doc. 13, and Supplemental Answer, Doc. 20, are labeled sequentially and are referenced herein as "Exhibit ___.")

### B. PROCEEDINGS AT TRIAL

Petitioner was indicted in the Maricopa County Superior Court on five counts of: sexual conduct with a minor, three counts of sexual abuse, and one count of child molestation. (Exhibit A, Indictment.)

On October 17, 2008, Petitioner entered into a written plea agreement (Exhibit B), wherein he agreed to plead guilty to one count of attempted sexual conduct with a minor, and two counts of attempted sexual abuse, in exchange for dismissal of the remaining counts and stipulated lifetime probation on the attempted sexual abuse counts. He entered his guilty plea pursuant to the agreement on the same date.  (Exhibit C, M.E. 10/17/08.)  On November 7, 2008, Petitioner was sentenced to five years in prison on the attempted sexual conduct with a minor, and upon release to concurrent terms of lifetime probation on the attempted sexual abuse counts. (Exhibit D, Sentence.)

### C.  PROCEEDINGS ON DIRECT APPEAL

Petitioner did not file a direct appeal.  (Petition, Doc. 1 at  2.)

### D.  PROCEEDINGS ON POST-CONVICTION RELIEF

On April 23, 2010, Petitioner file with the trial court a "Motion for Sentence Modification for Exceeding Subject Matter Jurisdiction" (Exhibit F), arguing that the lifetime probation was cruel and unusual punishment in violation of the Eighth

Amendment, and was a violation of equal protection under the Fifth and Fourteenth Amendments. On June 22, 2010, the trial court construed the motion as a Petition for Post-Conviction Relief and dismissed it as untimely under Ariz.R.Crim.Proc. 32.4(a). (Exhibit G, M.E. 6/22/10.)

Petitioner subsequently sought review by the Arizona Court of Appeals, which summarily denied review on February 10, 2012. (Exhibit H, Order 2/10/12.)

Petitioner then sought review from the Arizona Supreme Court, which also summarily denied review on June 6, 2012. (Petition, Doc. 1, Exhibits, Order 6/6/12.)

### E. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 10, 2012 (Doc.1). Petitioner's Petition asserts two grounds for relief based on allegations that his lifetime probation (1) is cruel and unusual punishment, and (2) denies him equal protection. Petitioner argues, *inter alia,* that any untimeliness should be excused because of newly discovered evidence and because of his *pro se* indigent status and the limited legal resources available to him. (Doc. 1 at 9-9A.)

**Response** - On October 25, 2012, Respondents filed their Response ("Answer") (Doc. 13). Respondents argue that the Petition is barred by habeas statute of limitations, that Petitioner is not entitled to equitable tolling, and that Petitioner's claims are procedurally defaulted.[2]

**Reply** - On November 13, 2012, Petitioner filed a Reply (Doc. 14) and supporting Memorandum (Doc. 15). Petitioner argues *inter alia* that the habeas statute of limitations may not properly be applied to a judgment issued without subject matter jurisdiction, and that the State failed to respond to his state PCR petition in a timely fashion, resulting in his entitlement to relief by default.

---

[2] Although cast by Respondents as procedural default, it appears that Petitioner's federal claims were actually presented, but were disposed of by application of a procedural bar.

**Supplements** – On January 7, 2013, the Court noted Petitioner's arguments concerning the lack of legal materials available in his prison, and directed Respondents to supplement their response to address the effect of any such limits on the timeliness of the Petition, the availability of equitable tolling, cause to excuse a procedural default, and the merits of the Petition, in particular the waiver defense.

**Supplemental Response** – On March 14, 2013, Respondents filed their Supplemental Answer (Doc. 20) arguing that Petitioner's allegations of an impediment are conclusory and that the legal resources provided in the prison system were adequate to allow the timely presentation of his claims. Respondents further argue that Petitioner has failed to show extraordinary circumstances preventing his timely filing and diligence in doing so. Finally, Respondents argue that the alleged deficiencies do not establish cause to excuse any procedural default and that Petitioner's claim is without merit and therefore cannot establish prejudice.

**Supplemental Reply** – On June 12, 2013, Petitioner filed his Supplemental Reply (Doc. 21). Petitioner argues that the lack of access to case law, in particular *Weems v. U.S.*, 217 U.S. 349 (1910), made discovery of his claims impossible, and was a state created impediment. He further argues that the prosecutor and defense counsel misrepresented the constitutionality of his sentence, creating an impediment to timely filing and justifying equitable tolling. Petitioner further argues the merits of his equal protection claim.

### III. APPLICATION OF LAW TO FACTS

#### A. TIMELINESS

#### 1. One Year Limitations Period

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28

U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

### 2.  Commencement of Limitations Period

**Finality** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3]

For Arizona pleading defendants, their opportunity for direct review is an Arizona Rule 32 of-right post conviction relief proceeding. *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007). "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Here, Petitioner was sentenced on September November 17, 2008.  (Exhibit D, Senence.)  Petitioner did not file a direct appeal or a PCR petition of right.  Indeed, the first post-conviction filing he made was his "Motion for Modification of Sentence" (Exhibit F), filed April 23, 2010, long after the expiration of the time for an "of right" PCR petition.  Accordingly, excluding any time for certiorari review, Petitioner's conviction became final 90 days after his sentence, or after February 17, 2009, when his time to file an "of right" PCR petition expired.

Accordingly, Petitioner's conviction was final and his one year limitations period began running on February 18, 2009, and barring any statutory tolling, expired on February 17, 2010.

---

[3] In addition to the alternative commencement dates discussed hereinafter, the statute provides for later commencement of the one year when there has been a retroactive change in the law.  *See* 28 U.S.C. § 2244(d)(1).  The undersigned finds nothing in the record to suggest this might apply.

**Newly Discovered Evidence** – Petitioner argues that a latter date should apply because his claims are based on newly discovered evidence.

Although the conclusion of direct review normally marks the beginning of the statutory one year, section 2244(d)(1)(D) does provide an alternative of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, where despite the exercise of due diligence a petitioner was unable to discover the factual predicate of his claim, the statute does not commence running on that claim until the earlier of such discovery or the elimination of the disability which prevented discovery.

Here, Petitioner couches his delay in terms of "newly discovered evidence/material facts." (Petition, Doc. 1 at 9.) To the extent that Petitioner refers to recently discovered evidence, such evidence is not the "factual predicate" of his claims, it is the evidence of those facts. *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir.1998) (receipt of trial counsel's affidavit irrelevant where knowledge of facts supporting claim ineffectiveness previously known to defendant). Moreover, the facts cited by Petitioner in support of his claims, *i.e.* the imposition of lifetime probation, have been known to him since sentencing.

Indeed, Petitioner does not specify any facts (or even evidence) of which he was unaware. To the contrary, Petitioner simply points to his limited legal resources. However, section 2244(d)(1)(D) does not extend to a lack of knowledge of law, unless it constitutes a decision in Petitioner's own case. *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) (distinguishing between discovery of changes or clarifications in state law and discovery of "factual predicate").

**State Created Impediment** – Petitioner asserts that his limited legal resources precluded him from identifying his federal claims, and thus amount to a state created impediment. Petitioner bolsters the argument by asserting that the Arizona prisons have removed much of the legal resources it once provided to inmates (a fact well known to this Court).

Indeed, 28 U.S.C. § 2244(d)(1)(B) provides for a latter start date of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." For this provision to apply, the impediment must amount to a violation of federal law.

<u>Right of Access</u> – Petitioner suggest that the limited legal resources were a denial of access to the courts. Petitioner argues that the provided materials exclude all case law, and it was only through his diligent search through non-prison resources that he was able to discover the legal basis to his claim, in particular his proposition under *Weems v. U.S.*, 217 U.S. 349 (1910).

Respondents argue that the resources made available to prisoners (*e.g.* a defined set of statutes (with limited portions annotated), guidebooks, forms, etc. and access to a paralegal (precluded form offering legal advice) to assisting in filling out initial pleadings) is sufficient to meet their obligation of providing access to the courts, under the explications of that right under *Lewis v. Casey*, 518 U.S. 343 (1996), and its progeny.

The undersigned is prepared to presume,[4] for purposes of this Report and Recommendation, that the lack of any access to case law or other meaningful assistance in identifying his claims precluded Petitioner from discovering his Eighth Amendment and Equal Protection claims. For example, assuming one had access to the Eighth Amendment means little, if one does not have available the case law to, for example, discover that it applies to the states. *See eg. Ughbanks v. Armstrong*, 208 U.S. 481, 487 (1908) ("6th and 8th Amendments do not limit the powers of the states"); and *State of La. ex rel. Francis v. Resweber,* 329 U.S. 459, 462 (1947) (assuming "without so deciding, that violation of the principles of the…Eighth Amendments, as to…cruel and

---

[4] While beyond being merely conclusory, Petitioner's allegations and Respondents' responses do leave a variety of questions unanswered, e.g. whether the prison provided guidebooks contained sufficient information to allow Petitioner to identify his claims (*i.e.* "The Law and Policy of Sentencing and Corrections, 7th" might suggest a cruel and unusual punishment arguments). (*See* Exhibit L, ADOC Manual at Attachment A, Legal Texts.)

unusual punishment, would be violative of the due process clause of the Fourteenth Amendment"). Nor would the text of the Eighth Amendment suggest to any but the brightest legal scholars that it embodied a requirement for proportionality such as the *Weems* Court divined.

However, the right of access does not extend to the *discovery* of claims, but is limited to insuring a prisoner's "capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). The *Lewis* Court held that it relied only upon the "right to bring to court a grievance that the inmate wished to present," and that it disclaimed any suggestion "that the State must enable the prisoner to discover grievances." *Id.* at 354. "To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is effectively to demand permanent provision of counsel, which we do not believe the Constitution requires." *Id.*

Petitioner proffers nothing to suggest that, having once discovered *Weems* or other authority that alerted him to a claim he then desired to bring, that he was then stymied in bringing that claim. At most, Petitioner makes assertions that he was unable to discover his claim. Consequently, the undersigned cannot find that Petitioner's right of access has been violated.

<u>Misrepresentation</u> – Petitioner argues in his Supplemental Reply that he was "subjected to a conspiracy of silence by legal professionals who knew or should have known, and should have disclosed that a sentence of lifetime probation is constitutionally unsound." (Supp. Reply, Doc. 21 at 2.) Petitioner argues that he relied upon the prosecutor and defense counsel to "state and disclose the law correctly." (*Id.*)

Petitioner cites various contract law authorities, *e.g. Fraud-Misrepresentation of Law*, 15 Tex. L. Rev. 133 (1936), for the proposition that the prosecution had the obligation to disclose the unconstitutionality of the sentence. (*See* Supp. Reply, Doc. 21 at 2, n.2.) However, it is not any law whose violation justifies application of the delayed commencement under § 2244(d)(1)(B). Rather, the statute is limited to a "violation of

the Constitution or laws of the United States." Petition points to no federal law creating an obligation on the prosecution to disclose legal defenses (as opposed to factual ones) to the defense. The undersigned knows of none.

Moreover, even those contract law authorities clarify that they only apply where there is a knowing misrepresentation. *See e.g.* Restatement (Second) of Torts § 526 (1977) (requiring *inter alia* knowledge or belief of falseness). Petitioner points to nothing to suggest that the prosecutor actually "knew" Petitioner's lifetime probation was illegal. *See* Restatement (Second) of Torts § 545 (1977) (opinions on law not ordinarily actionable); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. 2004) (same).

On the other hand, any misrepresentation by defense counsel would not have been a state created impediment. Defense counsel, regardless if employed or paid by the state, was Petitioner's agent, not the state's. Such incompetence, assuming it occurred, "is not the type of State impediment envisioned in § 2244(d)(1)(B)." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *affirmed on other grounds* 549 U.S. 317 (2007).

Moreover, Petitioner proffers nothing to show that the sentence was indeed invalid. Petitioner wrongly relies upon *Weems* for the proposition that lifetime probation is always cruel and unusual. *Weems* simply held that such a sentence was disproportionate and therefore cruel and unusual when applied to a crime of falsifying two entries in a government pay record. That is qualitatively different from Petitioner's crime of attempting to engage in sexual conduct with a 13 year old minor. The Ninth Circuit has found a sentence of lifetime probation appropriate for a sex offender. *See e.g. U.S. v. Williams*, 636 F.3d 1229 (9th Cir. 2011). *Cf. U.S. v. Moriarty*, 429 F.3d 1012, 1025 (11th Cir.2005) ("[A] lifetime term of supervised release is not grossly disproportionate to [the defendant's] child pornography offenses....").

<u>No Impediment to Filing</u> - Finally, § 2244(d)(1)(B) itself is limited to impediments to "*filing an application.*" Here, Petitioner's complaint is not that he could not file his claim, but that he did not know he had one, whether because of a lack of legal

9

resources, or a failure by involved attorneys to tell him he had a claim. Those limitations are not on filing, but on discovery, and thus don't activate § 2244(d)(1)(B). *See Shannon v. Newland*, 410 F.3d 1083, 1087 (9th Cir. 2005) (petitioner "was free to file such a petition at any time," and thus erroneous state court decision was not impediment).

**Summary re Commencement** – Petitioner's one year commenced running on February 18, 2009, and barring any statutory tolling, expired on February 17, 2010.

### 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Such tolling only results from state applications that are "properly filed," and an untimely application is never "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Here, Petitioner had no state application pending during the time his one year was running, e.g. February 18, 2009 through February 17, 2010. Indeed, his first state court application following his sentence was his April 23, 2010 motion to modify his sentence. (Exhibit F, Motion.) Once the habeas statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Moreover, Petitioner's first PCR proceeding was dismissed as untimely. (Exhibit G, M.E. 6/22/10.) As such, it was not "properly filed" within the meaning of § 2244(d)(2), and Petitioner would not have been entitled to any statutory tolling for its pendency.

For the same reason, even if Petitioner were entitled to a delayed commencement of his limitations period until he had managed to formulate his federal claims (and was thus able to present them to the state courts), his Petition would still be untimely. The statute would have continued to run after such discovery (*i.e.* no later than April 23, 2010

when his PCR was filed) until it expired a year later (*i.e.* April 22, 2011) and his Petition would have still been almost 15 months delinquent.

Accordingly, Petitioner is not entitled to any statutory tolling, and his one year expired on February 17, 2010.

### 4. Timeliness of Petition

Here Petitioner's Petition (Doc. 1) was filed on July 10, 2012. Under the prison mailbox rule, filings are deemed "filed" at the time they are delivered to prison officials for mailing. *See Stillman v. LaMarque*, 319 F.3d 1199 (9th Cir. 2003). Because it does not affect the outcome, the undersigned presumes that the prison mailbox rule applies and that Petitioner delivered his petition to prison officials for mailing on the date he signed the Petition, July 5, 2012. (*See* Petition, Doc. 1 at 9.) At that time, Petitioner's one year had been expired for almost 29 months.

Accordingly, Petitioner's petition is untimely.

### 5. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063,

1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

To establish grounds for equitable tolling, Petitioner points to his untrained, *pro se* status and the limitations on legal resources complained of above.

A prisoner's "proceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Indeed, outside the realm of capital punishment, it is being represented in filing a federal habeas petition that is extraordinary.

Moreover, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999). ). *See also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

It is true that the inadequacies of a prison law library and lack of notice of the AEDPA may be extraordinary circumstances. *See Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000). Arguably, Petitioner's lack of access to case law or other means to discover his claim could qualify as such an extraordinary circumstance

However, even if extraordinary circumstances prevent a petitioner from filing for a time, equitable tolling will not apply if he does not continue to diligently pursue filing afterwards. "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000). *But see Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002), McKeown, J. dissenting (arguing that equitable tolling should work a stoppage of the clock, with a resulting extension of the deadline). Ordinarily, thirty days after elimination of a roadblock should be sufficient. *See Guillory v. Roe*, 329 F.3d 1015, 1018, n.1 (9th Cir. 2003).

Petitioner proffers nothing to show that he showed diligence in filing his federal

petition in the face of his limited training and resources.  He was able to layout his claims at least as of April, 2010 when he filed his state PCR petition ("Motion for Sentence Modification") (Exhibit F), and yet he failed to file his federal habeas petition until 26 months later.

Even if it were assumed that Petitioner was diligently searching for his claims since his conviction became final and did not discover them until April, 2010, and assuming he were deemed to be diligent while he pursued his state remedies, he failed to file his habeas petition until July 10, 2012, five months after the Arizona Court of Appeals denied his Petition for Review.  (*See* , Exhibit H, Order 2/10/13.)  Petitioner proffers no explanation for that additional five month delay.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (diligence not shown were petitioner delayed five months after state proceeding, assuming equitable tolling available during pendency of state claims).

Thus, Petitioner is not entitled to equitable tolling.

### 6.  Actual Innocence

The Ninth Circuit has concluded that the statute of limitations is subject to an exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). Petitioner makes no such claim in this proceeding.

### 7.  Application of Statute to Jurisdictional Claims

Petitioner argues that the federal habeas statute of limitations does not apply to his claims because they are jurisdictional in nature, that his sentence is unconstitutional and thus "void *ab initio*."  (Reply, Doc. 14 at 2.) It is true that a claim of a lack of subject matter jurisdiction can generally be asserted at any time during the pendency of a matter. *See e.g.* Wright & Miller, *Fed. Pract. & Proc.* § 1393.  Here, however, Petitioner's criminal case is no longer pending, and this collateral habeas proceeding is not part of that prosecution.  Petitioner cites no authority extending the proposition to collateral proceedings, nor to using it to avoid limitations bar to those collateral proceedings.  The

undersigned knows of none.

Moreover, Petitioner's only basis for asserting a lack of subject matter jurisdiction is the imposition of what he concludes is an unconstitutional sentence. Assuming Petitioner's sentence were unconstitutional, that would not strip the state court of subject matter jurisdiction over the underlying prosecution. By Petitioner's reasoning, virtually any error in a proceeding would strip the court of jurisdiction, and any statute of limitations would become meaningless.

### 8. Default in State Proceedings

Finally, Petitioner argues that the statute of limitations should not apply because the state failed to timely respond in this PCR proceeding, and thus he is entitled to win by default. Assuming that the state was delinquent (or even failed to respond altogether) would not enable Petitioner to avoid the federal statute of limitations. First, no default was found or applied by the state court. Any applicable default rules would have been creatures of state law, and federal habeas relief cannot be had for errors of state law. *Bains v. Cambra*, 204 F.3d 964, 971 (9th Cir. 2000).

Moreover, such rules would have only be inapplicable in Petitioner's state proceeding. As noted herein above in connection with Petitioner's jurisdictional claim, Petitioner's criminal case is no longer pending, and this collateral habeas proceeding is not part of that prosecution. Petitioner cites no authority extending a purported default to collateral proceedings, nor to using it to avoid limitations bar to those collateral proceedings. The undersigned knows of none.

### 9. Summary

Petitioner's conviction was final and his one year limitations period began running on February 18, 2009, and barring any statutory tolling, expired on February 17, 2010. Petitioner has failed to justify a later commencement date by showing a newly discovered factual predicate, or a state created impediment that was a violation of

Constitutional or other federal law. His only state petition was filed after the expiration of his one year, and did not revive the limitations period. He has failed to show diligence in the face of any hindrance caused by the lack of legal resources, and thus is not entitled to equitable tolling. Accordingly, his habeas Petition was filed almost 29 months after the expiration of his limitations period, and must be dismissed as untimely.

## B. OTHER DEFENSES

Respondents argue procedural default, and that the Petition is without merit. Because the undersigned finds the Petition plainly barred by the statute of limitations, these defenses are not reached.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed July 10, 2012 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days

within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: July 1, 2013

_____<br>
James F. Metcalf<br>
United States Magistrate Judge

12-1483r RR 12 12 21 on HC.docx