**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrian Crihalmean, | No. CV-12-01483-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan; et al., | |
| Respondents. | |

Pending before the Court is Petitioner's petition for writ of habeas corpus (Doc. 1) and Supplement.  (Doc. 25).  This case was referred to a Magistrate Judge who issued a Report and Recommendation (Doc. 26) recommending that the Court find that the Petition in this case is barred by the statute of limitations.

In reviewing a Report and Recommendation (R&R), the Court must conduct a de novo review of any portion of the R&R to which either party objects.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).  The Court grants Petitioner's Motion for a Time Extension (Doc. 27) to the extent Petitioner's objections received on August 5, 2013, are deemed timely.  Because Petitioner has objected to the recommendation that the Court find that his Petition is barred by the statute of limitations, the Court will review the Petition de novo.  (Doc. 28).

## I.    BACKGROUND

Pursuant to a plea agreement, on November 17, 2008, Petitioner was sentenced in state court to lifetime probation on count 1, attempted sexual conduct with a minor, a

class 3 felony and a dangerous crime against children, and on count 9, attempted sexual abuse, a class 4 felony and a dangerous crime against children. (Doc. 20-1 at 16–17). Additionally, Petitioner was sentenced to five years imprisonment on count 1.  (*Id.*).

On April 23, 2010, in state court, Petitioner filed a "Motion for Sentence Modification for Exceeding Subject Matter Jurisdiction."  (Doc. 20-1 at 27).   In the Motion, Petitioner argued that lifetime probation violates Eighth, Fifth, and Fourteenth Amendments.  (*Id.*).   The state trial court construed the Motion as a Petition for Post-Conviction Relief ("PCR"), and on June 22, 2010, dismissed the PCR as untimely under Arizona Rule of Criminal Procedure 32.4(a).  (Doc. 20-1 at 43).

On July 29, 2010, Petitioner filed a Petition for Review of the trial court's denial in the Arizona Court of Appeals (Doc. 20-1 at 46), and on February 10, 2012, the court denied review.  (Doc. 20-1 at 75).   Petitioner then filed a Petition for Review in the Arizona Supreme Court on February 20, 2012 (Doc. 20-1 at 77), which was denied on June 6, 2012.  (Doc. 20-1 at 95).   Finally, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 10, 2012 (Doc. 1).   On July, 1 2013, the Magistrate Judge issued an R&R, which concluded that the Petition was barred by the statute of limitations.  (Doc. 26).   Petitioner filed objections to the R&R, which dispute the conclusion.  (Doc. 28).

## II.   ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations from when a conviction becomes final for a defendant to file a habeas petition.  28 U.S.C § 2244(d).

Petitioner's conviction became final after the opportunity for review in state court expired.   Under Arizona law, Petitioner's opportunity for direct review was a Rule 32 post-conviction relief proceeding.   "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)."  *Summers v. Schriro*, 481 F.3d 710, 716–17 (9th Cir. 2007).   "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the

1    Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice
2    of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz.
3    R. Crim. P. 32.4(a)).

4         Petitioner was sentenced on November 17, 2008. Accordingly, Petitioner's
5    deadline to file a PCR expired on February 18, 2009, and thus his conviction became
6    final on that date. On July 10, 2012, more than two years later, Petitioner filed a petition
7    for writ of habeas corpus. Therefore, the Petition is beyond the statute of limitations
8    unless Petitioner can show that he is entitled to statutory and/or equitable tolling.

9                              **A.    FACTUAL PREDICATE**

10        In his objections, Petitioner argues that because he discovered new evidence, the
11   statute of limitations did not commence on February 18, 2009. (Doc. 28 at 2). He claims
12   (1) that *Weems v. United States* qualifies as a factual predicate of his claim and (2) that,
13   despite his exercise of due diligence, he could not discover this fact because the State
14   provided an inadequate law library. In *Weems*, a United States Coast Guard official was
15   convicted of falsifying public documents and was sentenced to fifteen years'
16   imprisonment at "hard and painful labor." *Weems v. United States*, 217 U.S. 349, 357–64
17   (1910). The official was also deprived of parental authority rights, martial rights, and
18   property transfer. *Id.* at 364. Additionally, the court imposed lifetime surveillance. *Id.* at
19   364–65. Based on all of the sentences imposed, the Court found that the sentence was
20   disproportionate to the crime of falsifying documents. *Id.* at 384. As a result, the Court
21   held the sentence was cruel and unusual under the Eighth Amendment. *Id.*

22        Under § 2244(d)(1)(D), the one-year statute of limitations may be tolled until "the
23   date on which the factual predicate of the claim . . . presented could have been discovered
24   through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) (2012). A court
25   decision may qualify as a fact if the decision is in the petitioner's *own* case. *Shannon v.*
26   *Newland*, 410 F.3d 1083, 1088–89 (9th Cir. 2005) (distinguishing between discovery of
27   case law and discovery of factual predicate). Therefore, court decisions that establish a
28   proposition of law do not qualify as facts. *Id.*

1    Petitioner does not allege any new *facts* because his discovery of a proposition of
2    law in *Weems* is not a factual predicate of his claim.  Since Petitioner's sentencing on
3    November 17, 2008, Petitioner knew that he was sentenced to lifetime probation.  While
4    a court decision may qualify as a fact, *Weems* does not change a fact, is not directly
5    related to Petitioner's case, and has no impact on Petitioner's legal status.  Moreover,
6    Petitioner filed a Motion on April 23, 2010, that argued lifetime probation is cruel and
7    unusual punishment, and cited *Weems* to support his claim.  He then waited until July 10,
8    2012, to file this Petition, more than two years after he discovered *Weems*.  Therefore,
9    even if the one-year limitation was tolled until Petitioner's discovery of *Weems*,
10   Petitioner's Petition is still untimely.  Accordingly, Petitioner is not entitled to tolling
11   under § 2244(d)(1)(D).

12       **B.    STATE IMPEDIMENT**

13       Alternatively, Petitioner argues that because the State impeded his filing of a
14   timely Petition, the statute of limitations did not commence on February 18, 2009.  (Doc.
15   28 at 2–3).  In other words, Petitioner would have filed a timely Petition if he had
16   discovered *Weems* within the statute of limitations, or if defense counsel would have
17   altered him to the unconstitutionality of his sentence.  Both of these claims do not
18   constitute a State impediment to his filing of a timely Petition.

19       The State must assure that inmates have "meaningful access to the courts."  *Lewis*,
20   518 U.S. 343, 351 (1996) (citation omitted).  If the State, through the deficiencies in the
21   prison, "hindered [an inmate's] efforts to pursue a legal claim," then the State violated the
22   inmate's constitutional right to access to the courts.  *Id.*  However, meaningful access to
23   the courts does not require the State to ensure that an inmate "litigate effectively once in
24   court."  *Id.* at 343.  Therefore, under 2244(d)(1)(B), the Petitioner must show that an
25   "impediment . . . created by State action in violation of the Constitution . . . prevented"
26   the Petitioner from *filing* a timely petition.  28 U.S.C. § 2244(d)(1)(B) (2012).

27       Petitioner failed to show that the alleged inadequate library actually hindered his
28   efforts to file his claim within the statute of limitations because he does not explain how

the State prevented him from filing his Petition.  At best, Petitioner asserts that an inadequate library prevented his discovery of a case that he believes supports his claim, which is not a State impediment because the State does not have the duty to ensure that inmates litigate effectively.  There is no causal connection between a lack of access to case law and his untimely Petition.  Moreover, Petitioner discovered *Weems* by at least April 23, 2010, and yet waited until July 2012 to file the Petition.  Even if the one-year limitation began on April 23, 2010, the Petition is still barred by the statute of limitations.

Petitioner mistakenly relies on *Weems* to assert that lifetime probation is unconstitutional, and thus defense counsel did not misrepresent Petitioner's sentence. *Weems* simply held that the sentence imposed, which included fifteen years' imprisonment, removal of parental and marital rights, and lifetime probation, was grossly disproportionate to the crime of falsifying documents.  Here, lifetime probation is not disproportionate to attempted sexual conduct with a minor and attempted sexual abuse.[1]

Additionally, Petitioner's argument fails because 2244(d)(1)(B) requires a State impediment to filing, but appointed defense counsel is not an actor of the State.  *See Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd on other grounds*, 549 U.S. 317 (2007) (Even if Petitioner's defense counsel acted incompetently, it "is not the type of State impediment envisioned in § 2244(d)(1)(B).").  As a result, Petitioner is not entitled to tolling under § 2244(d)(1)(B) because neither an alleged inadequate library nor misrepresentation prevented Petitioner from filing a timely habeas petition.

## C.    EQUITABLE TOLLING

Petitioner purports that his *pro se* status and lack of legal resources entitles him to equitable tolling.  (Doc. 28 at 3).  However, Petitioner fails to establish the necessary elements for equitable tolling.

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances

---

[1]    *United States v. Williams*, 636 F.3d 1229, 1232 (9th Cir. 2011) (finding that a sentence of lifetime probation is not disproportionate for a sex offender).

stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted). Therefore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro see petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). However, lack of case law in a prison library or notice of the AEDPA may be extraordinary circumstances if the petitioner exercised reasonable diligence. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (holding that the equitable tolling may have been appropriate because the prison did not provide any legal materials).

Petitioner does not explain his delay in filing his Petition. Assuming Petitioner was diligent and did not discover his claim until April 2010, he did not file this Petition until July 10, 2012. Petitioner delayed filing the Petition for an unexplained twenty-six months. Although his Petition for Review over dismissal of his untimely PCR was pending in the Arizona Court of Appeals from June 2010[2] until February 2012, Petitioner delayed filing this Petition for an additional five months after the Arizona Court of Appeals denied his Petition for Review. Petitioner has not presented evidence to excuse the further five-month delay. (Doc. 26 at 13). Because Petitioner substantially delayed filings without sufficient reason, Petitioner is not entitled to equitable tolling. As a result, Petitioner's one-year limitation commenced on February 18, 2009, the date his conviction

---

[2] At the time of the June 2010 state court filing, Petitioner's federal statute of limitations to file his habeas petition had already expired. A new filing in state court cannot restart the federal statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

became final, and expired on February 17, 2010.

**D.    STATE COURT JURISDICTION**

Petitioner argues that the one-year limitation should not apply because Petitioner's claims are jurisdictional, in that Petitioner believes his sentence is unconstitutional. Petitioner also argues that the State failed to timely respond to his Petition for Review, and thus he is entitled to relief by default.

Petitioner's arguments fail because: (1) an unconstitutional sentence would not strip the state court of subject matter jurisdiction over the underlying prosecution, and (2) federal habeas relief is not a default for state court errors. First, the State criminal case is over, and this habeas proceeding is not a part of the State's prosecution. (Doc. 26 at 13–14). Petitioner does not point to any law that causes a state court's lack of subject matter jurisdiction (assuming this allegation were true) to alleviate the statute of limitations in a collateral federal habeas proceeding. *Id.* Second, Petitioner does not cite law that extends an alleged default by the state court to collateral federal habeas proceedings. As a result, Petitioner cannot avoid the federal statute of limitations.

**E.    MERITS**

Although it is not necessary to reach the merits because the Petition is barred by the statute of limitations, the Petition also fails on the merits. Petitioner superficially claims that *Weems* dictates that the imposition of lifetime probation violates the Eight Amendment. To test the proportionality of a sentence, the Court compares the gravity of the offense to the severity of the sentence. *Graham v. Florida*, 130 S.Ct. 2011, 2022 (2010).

Here, a comparison of the offense and sentence show that lifetime probation is not disproportionate. Petitioner committed the serious and grievous crimes of attempted sexual conduct with a minor and attempted sexual abuse of a minor. Although lifetime probation limits Petitioner's privacy, it is especially appropriate in this case because sex offenders have a high rate of recidivism. *See Williams*, 636 F.3d at 1233. Furthermore, the crime and the sentence imposed in *Weems* are not comparable to Petitioner's crime

and sentence imposed.  Petitioner's crime is entirely different from the crime of falsifying documents.  Additionally, the Court in *Weems* compared the totality of the sentences, not only lifetime probation, to the crime.  Based on the severity of fifteen years imprisonment, loss of fundamental rights, and lifetime probation, the Court found the sentence and crime grossly disproportionate.  Because the sentence and crime here are not disproportionate, the Petition fails on the merits.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's Motion for a Time Extension (Doc. 27) is granted to the extent Petitioner's objections received on August 5, 2013, are deemed timely.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 26) is accepted and adopted; Petitioner's objections (Doc. 28) are overruled, the Petition is denied and dismissed, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that, in the event Petitioner files an appeal, and pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court denies issuance of a certificate of appealability because dismissal of the Petition is based on a plain procedural bar and jurists of reason would not find this Court's decision debatable or wrong.  Further, Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 4th day of October, 2013.

James A. Teilborg
Senior United States District Judge